IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK MADSEN, <br><br> Plaintiff, <br><br> v. <br><br> SUE E. RISENHOOVER, et al., <br><br> Defendants. | No. C 09-05457 SBA (PR) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*; SERVING COGNIZABLE CLAIMS FROM HIS COMPLAINT; REFERRING CASE TO PRO SE PRISONER SETTLEMENT PROGRAM; AND ADDRESSING HIS PENDING MOTIONS** <br><br> (Docket nos. 5, 15, 19) |

## **INTRODUCTION**

Plaintiff, a state prisoner currently incarcerated at Pelican Bay State Prison (PBSP), has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. He alleges that PBSP officials were deliberately indifferent to his serious medical needs from 2002 to 2009.

On December 21, 2009, the Court dismissed Plaintiff's action because he failed to meet a December 17, 2009 deadline to either pay the filing fee or complete an in forma pauperis (IFP) application.

Thereafter, Plaintiff filed a motion for reconsideration. He argued that he mailed a complete IFP application on December 8, 2009; however, the IFP application was not entered into the Court's electronic database until December 28, 2009.

On January 27, 2010, the Court reopened the case because the record indicated that Plaintiff's IFP application was in fact filed before the deadline.

The Court now reviews Plaintiff's complaint and his pending motion for leave to proceed IFP. Plaintiff has also filed two motions for a preliminary injunction, in one of which he also requests appointment of counsel; therefore, the Court also addresses these motions below.

Venue is proper because the events giving rise to the claim are alleged to have occurred at PBSP, which is located in this judicial district. See 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: PBSP Physicians Sue E. Risenhoover, Claire P. Williams and W. Wahidullah; PBSP Chief Medical Officer Michael Sayre; PBSP Registered Nurse Donna K. Alpaugh; PBSP Family Nurse Practitioner M. McLean;

"unnamed UM review committee members" from June 5, 2006, July 25, 2006, August 16, 2006, November 9, 2006, November 20, 2006 and May 20, 2008; "unnamed MAR review committee members" from August 21, 2006, November 20, 2006 and May 20, 2008; and "unnamed Does 1-50."[1]  (Compl. at 2-5.)  Plaintiff seeks monetary damages and injunctive relief.

**DISCUSSION**

**I.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

**II.    Legal Claims**

**A.    Deliberate Indifference Claim**

Plaintiff claims Defendants were deliberately indifferent to his serious medical needs. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  See McGuckin, 974 F.2d at 1059.  A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton

---

[1] Plaintiff does not explain the meaning of "UM" or "MAR."

2

infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at 104). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Here, Plaintiff states that he suffers from "a potentially fatal disease known as Hepatitis C, [and] its symptoms of night sweats, fevers/chills, nausea, poor appetite, weight loss, fatigue, the inability to keep certain foods down, prolong[ed] stomach pains, gallbladder problems, and a[n] undiagnosed abdominal pain." (Compl. at 6.) Plaintiff's allegations support an inference that he has serious medical needs.

Plaintiff raises allegations of deliberate indifference to his serious medical needs against six officials within the PBSP health care system. The Court has summarized Plaintiff's allegations against these Defendants, as follows:

(1) Plaintiff alleges that his primary care provider, Defendant Risenhoover:

    (a) failed to notify Plaintiff that he had tested positive for Hepatitis C until a year after the test (id. at 9);

    (b) failed to respond to lab results confirming Plaintiff's Hepatitis C diagnosis for months (id. at 10);

    (c) "disregard[ed] medical data that would have demanded a liver biopsy and anti-viral treatment" (id.);

    (d) "misrepresent[ed] facts and contradict[ed] her own examinations" (id.);

    (e) denied "Plaintiff's requests for a liver biopsy and anti-viral treatment" (id. at 16);

    (f) "delay[ed] any treatment for years, while Plaintiff's condition and illness became progressively worse" (id. at 11);

    (g) "continued to suggest that Plaintiff's enzyme levels and viral load count were not of significant concern" (id.);

    (h) "referred Plaintiff for a HIDA scan[2] instead of the previous recommendation CT scan" (id. at 13);

    (i) prescribed acetaminophen for pain "in spite of Plaintiff's many complaints that this medication aggravated his esophagus [and] stomach, leaving Plaintiff with nothing to combat his pain and vomiting" (id. at 14);

---

[2] A Hepatobiliary Imino-Diacetic Acid (HIDA) scan is a nuclear imaging procedure to evaluate the health and function of the gallbladder.

3

|     |     |                                                                                                                                                                                 |
| --- | --- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|     | (j) | gave Plaintiff a shot of hydrocortisone, causing him to vomit and have bloody stools (id.);                                                                                     |
|     | (k) | prescribed ibuprofen and Tylenol, "leaving Plaintiff without anything to combat his pain and vomiting" (id. at 15-16);                                                          |
|     | (l) | denied Plaintiff's requests for a special diet, (id. at 15);                                                                                                                    |
|     | (m) | refused to examine Plaintiff when he became violently ill on June 3, 2008 (id. at 22); and                                                                                      |
|     | (n) | participated during the review of Plaintiff's 602 inmate appeals "in an attempt to undermine Plaintiff's contentions of substandard medical care and her failure to treat" (id. at 16). |
| (2) |     | Plaintiff alleges that, as part of a committee reviewing Plaintiff's 602 inmate appeals, Defendant Sayre:                                                                       |
|     | (a) | prescribed acetaminophen for pain despite its adverse side effects on Plaintiff (id. at 14);                                                                                    |
|     | (b) | "denie[d] Plaintiff's concerns regarding his medical care treatment" (id. at 15);                                                                                               |
|     | (c) | denied Plaintiff's request for a special diet to alleviate his stomach problems (id. at 17); and                                                                                |
|     | (d) | denied Plaintiff's request for a liver biopsy and anti-viral treatment "for unknown reasons" (id. at 19).                                                                       |
| (3) |     | Plaintiff alleges that, as part of a committee reviewing Plaintiff's 602 inmate appeals, Defendant Williams denied Plaintiff's request for a special diet to alleviate his stomach problems. (Id. at 17, 22.) |
| (4) |     | Plaintiff alleges that, as part of a committee reviewing Plaintiff's 602 inmate appeals, Defendant Alpaugh denied Plaintiff's request for a liver biopsy and anti-viral treatment "for unknown reasons." (Id. at 19.) |
| (5) |     | Plaintiff alleges that, as part of a committee reviewing Plaintiff's 602 inmate appeals, Defendant Wahidullah denied Plaintiff's request for a liver biopsy and anti-viral treatment. (Id. at 16.) |
| (6) |     | Plaintiff alleges that Defendant McLean, in investigating Plaintiff's medical complaints, "failed to provide a medical reason for denying Plaintiff's request for anti-viral treatment." (Id. at 17.) |

Liberally construed, Plaintiff's above allegations of inadequate medical treatment for his Hepatitis C state a cognizable deliberate indifference claim against Defendants Risenhoover, Sayre, Williams, Alpaugh, Wahidullah and McLean.

### B.   Supervisory Liability Claims

Plaintiff also claims that Defendants Sayre and McLean are liable as supervisors. Plaintiff

4

must allege that each defendant, as a supervisor, "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff claims that Defendants Sayre's and McLean's roles in the prison grievance system made them aware of Plaintiff's condition and that "allowing the continuation of the alleged unlawful conduct" creates supervisory liability. (Compl. at 29.) Accordingly, Plaintiff has stated cognizable supervisory liability claims against Defendants Sayre and McLean.

### III.     Claims Against Doe Defendants

Plaintiff names Doe Defendants for which he "will seek leave to amend this complaint to add their true names when the names have been ascertained." (Compl. at 5.) Specifically, Plaintiff identifies "unnamed UM review committee members" from June 5, 2006, July 25, 2006, August 16, 2006, November 9, 2006, November 20, 2006 and May 20, 2008; "unnamed MAR review committee members" from August 21, 2006, November 20, 2006 and May 20, 2008; and "unnamed Does 1-50." (Compl. at 3-5.) The use of Doe Defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against all Doe Defendants are DISMISSED without prejudice. Should Plaintiff learn Doe Defendants' identities through discovery, he may move to file an amended complaint to add them as named defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

### IV.     Pro Se Prisoner Settlement Program

The Northern District of California has established a Pro Se Prisoner Settlement Program. Certain prisoner civil rights cases may be referred to a neutral magistrate judge for settlement proceedings. The proceedings will consist of one or more conferences as determined by Magistrate Judge Nandor Vadas.

Good cause appearing, the present case will be REFERRED to Magistrate Judge Vadas for settlement proceedings pursuant to the Pro Se Prisoner Settlement Program. The proceedings shall

5

take place within **ninety (90) days** after the date of this Order; or as soon thereafter as is convenient to the magistrate judge's calendar. Magistrate Judge Vadas shall coordinate a time and date for a settlement proceeding with all interested parties and/or their representatives and, within **ten (10) days** after the conclusion of the settlement proceedings, file with the Court a report regarding the settlement proceedings.

## V.     Plaintiff's Pending Motions

### A.     Motions for Preliminary Injunction

Plaintiff seeks immediate injunctive relief (docket nos. 15, 19). Prior to granting a preliminary injunction, however, notice to the adverse party is required. See Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983).

The decision of whether to grant or deny a motion for preliminary injunction is a matter of the district court's discretion. Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). The standard for assessing a motion for preliminary injunction is set forth in Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 376 (2008). "Under Winter, plaintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest." Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009).

Immediate injunctive relief, such as a temporary restraining order, may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. See Fed. R. Civ. P. 65(b).

Plaintiff swears under penalty of perjury that the information contained in his operative complaint as well as his motions for a preliminary injunction are true and correct, and thus these

pleadings may be deemed an affidavit.  Although the pleadings describe Plaintiff's circumstances with a fair amount of specificity, as noted below, it does not clearly appear from the pleadings that Plaintiff will suffer immediate injury before Defendants can be given an opportunity to respond.

On May 10, 2010, Plaintiff filed a "Motion, Notice, to the Court, and Defendants, Their Counsel.  Re: Discontinuation of Care, Medications, and Special Soft Diet.  In Retaliation.  Request for Hearing on Date: 6-10-2010" (docket no. 15).  In his motion, Plaintiff requests the "special soft diet" he once had, but which was discontinued on April 6, 2010.  (Pl.'s May 10, 2010 Mot. at 3.)  He further seeks the reinstatement of his "sulfame thoxazole/TMP O Stab used to fight/control bacteria [and] fluid build up in stomach."  (Id. at 4.)  He requests refills on "propanol, use[d] as a BETA blocker for my massively enlarged spleen and failing liver."  (Id.)  Finally, he seeks the reinstatement of "daily vitals checks, used to stay on top of my blood pressure," and "chronic care visits ever[y] 30-90 days."  (Id.)  In sum, Plaintiff seeks immediate injunctive relief to "halt the discontinuations" of treatment.  (Id. at 7.)

On February 14, 2011, Plaintiff filed a motion entitled "Emergency" (docket no. 19).  He requests a "preliminary injunction, for treatment."  (Pl.'s Feb. 14, 2011 Mot. at 3-4.)  Plaintiff asks the Court to order Defendants to provide "anti-viral treatment for Hepatitis C with the newest drug on the market."  (Id.)  In addition, Plaintiff seeks the "appointment of an outside physician" to manage his health care.  (Id.)

The Court concludes that Plaintiff's requests for temporary injunctive relief should not be granted without affording Defendants notice and an opportunity to be heard.  In light of these circumstances, the Court will not rule on Plaintiff's motions for a preliminary injunction at this time as he has neither complied with the notice requirement for issuance of a preliminary injunction, see Fed. R. Civ. P. 65(a)(1), nor has he certified any efforts made to give notice and the reasons why it should not be required, Fed. R. Civ. P. 65(b)(1)(B).  Accordingly, the motions for a preliminary injunction (docket nos. 15, 19) are DENIED as premature without prejudice to Plaintiff filing a properly noticed request for a preliminary injunction and consolidating his two motions into one

renewed motion.  Once Plaintiff files his renewed motion, Defendants are ORDERED to respond to his motion, as directed below.

### B. Motion for Appointment of Counsel

In Plaintiff's May 10, 2010 motion, he also seeks appointment of counsel.  (Pl.'s May 10, 2010 Mot. at 7-8.)  There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc).   The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See id. at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  See id.

At this time, the Court is unable to assess whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment.  It is premature for the Court to determine Plaintiff's likelihood of success on the merits.  Moreover, Plaintiff has been able to articulate his claims adequately pro se in light of the complexity of the issues involved.  See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004).  Accordingly, his request for appointment of counsel (docket no. 15) at this time is DENIED.  This does not mean, however, that the Court will not consider appointment of counsel at a later juncture in the proceedings, that is, after the Defendants have filed their dispositive motion and the Court has a better understanding of the procedural and substantive matters at issue.  Therefore, Plaintiff may file a renewed motion for the appointment of counsel after the Defendants' dispositive motion has been filed.  If the Court decides that appointment of counsel is warranted at that time, then it can seek volunteer counsel to agree to represent Plaintiff pro bono.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.     Plaintiff's motion for leave to proceed IFP (docket no. 5) is GRANTED.  The total filing fee due is $350.00.  The initial partial filing fee due for Plaintiff at this time is $7.26.  A copy of this Order and the attached instruction sheet will be sent to Plaintiff, the Prison Trust Account Office and the Court's Financial Office.

2.     Plaintiff's allegations of inadequate medical treatment for his Hepatitis C state a cognizable deliberate indifference claim against Defendants Risenhoover, Sayre, Williams, Alpaugh, Wahidullah and McLean.

3.     Plaintiff has stated cognizable supervisory liability claims against Defendants Sayre and McLean.

4.     Plaintiff's claims against the Doe Defendants are DISMISSED from this action without prejudice.

5.     The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1), and a copy of this Order to: **PBSP Physicians Sue E. Risenhoover, Claire P. Williams and W. Wahidullah; PBSP Chief Medical Officer Michael Sayre; PBSP Registered Nurse Donna K. Alpaugh; and PBSP Family Nurse Practitioner M. McLean at PBSP.**  The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

6.     Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.

9

(This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

7. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **ninety (90) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

  c. If Defendants wish to file a reply brief, they shall do so no later than **thirty (30) days** after the date Plaintiff's opposition is filed.

  d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

 8. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

 9. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

 10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion

 11. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

 12. Plaintiff's action is referred to the Pro Se Prisoner Settlement Program, as indicated above. **The Clerk shall provide a copy of the court documents that are not available electronically, including a copy of this Order, to Magistrate Judge Vadas in Eureka,**

1 **California.**

2     13.    Plaintiff's motions for a preliminary injunction (docket nos. 15, 19) are DENIED without prejudice to filing a properly noticed request for a preliminary injunction and consolidating his two motions into one renewed motion.  In order to expedite the resolution of this case, the Court orders as follows:

    a.    Plaintiff may file a renewed motion for a preliminary injunction no later than **thirty (30) days** from the date of this Order.

    b.    Defendants shall respond to Plaintiff's renewed motion no later than **thirty (30) days** from the date that motion is filed.  The response to the request for a preliminary injunction shall be supported by adequate factual documentation and shall conform in all respects to the Federal Rules of Civil Procedure, and all papers filed with the Court shall be promptly served on Plaintiff.  Even if Plaintiff chooses not to file a renewed motion for a preliminary injunction, Defendants are still directed -- on the same date their answer is due -- to inform the Court of any plans to act on the alleged "discontinuation" of Plaintiff's treatment, which was raised in his previously-filed motions for a preliminary injunction (docket nos. 15, 19).

    c.    Plaintiff may file a reply within **thirty (30) days** of the date Defendants' response is filed.  Plaintiff's reply should be supported by factual documentation and should demonstrate why Plaintiff satisfies the standard for assessing a request for a preliminary injunction, which is set forth in Winter, and has been outlined above.

    14.    Plaintiff's request for appointment of counsel (docket no. 15) is DENIED.

    15.    This Order terminates Docket nos. 5, 15 and 19.

IT IS SO ORDERED.

DATED: March 31, 2011

                                        _Saundra B Armstrong_
                                        SAUNDRA BROWN ARMSTRONG
                                        United States District Judge

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action <u>in forma pauperis</u> in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

    The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

    Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting <u>in forma pauperis</u> and these instructions.

**The prisoner's name and case number must be noted on each remittance.** The initial partial filing fee is due within thirty days of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:    Plaintiff/Petitioner
        Finance Office

G:\PRO-SE\SBA\CR.09\Madsen5457.service&denyTRO.wpd  13

**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RICK MADSEN,

        Plaintiff,

v.

SUE E. RISENHOOVER et al,

        Defendant.

Case Number: CV09-05457 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 13, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rick Madsen E10400
Pelican Bay State Prison
5905 Lake Earl Drive
Crescent City, CA 95531

PRISON TRUST ACCOUNT OFFICE
Pelican Bay State Prison
5905 Lake Earl Drive
Crescent City, CA 95531

Dated: April 13, 2011

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.09\Madsen5457.service&denyTRO.wpd