United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICK MADSEN,

          Plaintiff,

    v.

SUE E. RISENHOOVER, et al.,

          Defendants.

No. C 09-5457 SBA (PR)

**ORDER DENYING PLAINTIFF'S RULE 56(d) MOTION; DENYING HIS MOTIONS TO COMPEL DISCOVERY; DENYING HIS SECOND MOTION FOR APPOINTMENT OF COUNSEL; AND SETTING NEW BRIEFING SCHEDULE**

(Docket nos. 62, 65, 90, 95)

## BACKGROUND

      Plaintiff Rick Madsen is a state prisoner currently incarcerated at Pelican Bay State Prison (PBSP).  On November 17, 2009, he filed the present complaint under 42 U.S.C. § 1983, alleging that Defendants acted with deliberate indifference towards him during their treatment of his Hepatitis C.  (Compl. at 20, 29.)

      In an Order dated March 31, 2011, the Court found that Plaintiff stated a cognizable claim for deliberate indifference against the following Defendants: PBSP Physicians Sue E. Risenhoover, Claire P. Williams and W. Wahidullah; PBSP Chief Medical Officer Michael Sayre; PBSP Registered Nurse Donna K. Alpaugh; and PBSP Family Nurse Practitioner M. McLean. (Mar. 31, 2011 Order at 2-4.)  The Court also found that Plaintiff stated cognizable supervisory liability claims against Defendants Sayre and McLean for denying his prison grievances.  (Id. at 4-5.)  The Court dismissed Plaintiff's claims against the Doe Defendants.  The Court denied Plaintiff's motion for appointment of counsel.  And, finally, this action was referred to Magistrate Judge Nandor Vadas for settlement proceedings.

On September 19, 2011, Judge Vadas informed the Court that the parties were unable to reach a settlement agreement during a hearing held on September 16, 2011 (docket no. 61).

On October 3, 2011, Plaintiff claimed that Defendants did not fulfill all of his discovery requests; therefore, he filed a motion to compel discovery (docket no. 62).

On November 10, 2011, Plaintiff filed another motion to compel discovery (docket no. 65).

On February 10, 2012, Defendants filed their motion for summary judgment (docket no. 73), after being granted two extensions of time to do so.  Defendants move for summary judgment on the basis that: (1) they are entitled to summary judgment because they were not deliberately indifferent to Plaintiff's medical needs because they treated his Hepatitis C according to the Court-approved Guidelines, taking into account an individualized assessment of his health; and (2) they are entitled to qualified immunity.  Defendants also filed a motion to stay discovery pending the resolution of their motion for summary judgment regarding the defense of qualified immunity.

In an Order dated February 15, 2012, the Court denied Defendants' motion to stay discovery, stating:

> The medical care Plaintiff did or did not receive as well as the circumstances surrounding such allegations are critical to determining the viability of Plaintiff's claims.  Moreover, a stay of discovery could affect Plaintiff's ability to file his opposition to Defendants' motion for summary judgment.  Furthermore, staying discovery would only further delay resolution of the case if the motion for summary judgment is denied.

(Feb. 15, 2012 Order at 1.)

On March 27, 2012, Plaintiff filed a motion entitled, "Motion for an Extension of Time (or Continuance) Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure[]" (docket no. 90), which will be construed as a Rule 56(d) motion.[1]

_____

[1] Plaintiff's motion refers to Rule 56(f); however, effective December 1, 2010, Rule 56 was amended and the provisions of subdivision (f) were moved to subdivision (d), without substantial change.  See Fed. R. Civ. P. 56, advisory committee's notes (2010 amends.) ("Subdivision (d) carries forward without substantial change the provisions of former subdivision

1    On May 16, 2012, Plaintiff filed a second motion for appointment of counsel (docket no.

2    95).

3    Plaintiff's four pending motions will be addressed in this Order.

4    **DISCUSSION**

5    **I.    Rule 56(d) Motion**

6    As mentioned above, pending before this Court is Defendants' motion for summary

7    judgment.  Summary judgment is proper where the pleadings, discovery and affidavits show that

8    there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as

9    a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those which may affect the outcome of

10   the case.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a

11   material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for

12   the nonmoving party.  See id.

13   To date, Plaintiff's has not filed his opposition to Defendants' motion for summary

14   judgment.  Instead, before the Court is Plaintiff's Rule 56(d) motion.  Rule 56(d) provides a

15   device for litigants to avoid summary judgment when the non-movant needs to discover

16   affirmative evidence necessary to oppose the motion.  See Garrett v. City and County of San

17   Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987).  If a party opposing summary judgment

18   demonstrates a need for further discovery in order to obtain facts essential to justify the party's

19   opposition, the trial court may deny the motion for summary judgment or continue the hearing to

20   allow for such discovery.  See Fed. R. Civ. P. 56(d); Margolis v. Ryan, 140 F.3d 850, 853 (9th

21   Cir. 1998).  In making a Rule 56(d) motion, a party opposing summary judgment must make clear

22   _____

23   (f).").  The Ninth Circuit has held that when a party moves for summary judgment before the
     opposing party has had a "realistic opportunity to pursue discovery relating to its theory of the

24   case, district courts should grant any Rule 56(f) motion fairly freely."  Burlington Northern Santa
     Fe R. Co. v. Assiniboine, 323 F.3d 767, 774 (9th Cir. 2003).  Denial of an application under Rule

25   56(f) is especially inappropriate "where the material sought is also the subject of outstanding
     discovery requests."  VISA Int'l Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475

26   (9th Cir. 1986).  Rule 56(f) requires an affidavit which sets forth the information sought and how
     it would preclude summary judgment by creating a genuine issue of material fact.  See Hall v.

27   Hawaii, 791 F.2d 759, 761 (9th Cir. 1986).

28

1   "what information is sought and how it would preclude summary judgment." <u>Id.</u> at 853.

2   Summary judgment is disfavored where relevant evidence remains to be discovered, particularly

3   in cases involving confined <u>pro se</u> plaintiffs. <u>Jones v. Blanas</u>, 393 F.3d 918, 930 (9th Cir. 2004);

4   <u>Klingele v. Eikenberry</u>, 849 F.2d 409, 412. Summary judgment in the face of requests for

5   additional discovery in such cases is appropriate only where such discovery would be "fruitless"

6   with respect to the proof of a viable claim. <u>Jones</u>, 393 F.3d at 930; <u>Klingele</u>, 849 F.2d at 412.

7        As the Ninth Circuit stated in <u>Continental Maritime of San Francisco, Inc. v. Pacific Coast

8   Metal Trades</u>, 817 F.2d 1391, 1395 (9th Cir. 1987), under Rule 56(f) "the party seeking a

9   continuance bears the burden to show what specific facts it hopes to discover that will raise an

10  issue of material fact." <u>Id.</u> Plaintiff has not met this burden. Plaintiff states in his Rule 56(d)

11  motion that his "attempts at obtaining affidavits from prisoners [he] believes to have crucial

12  information . . . about the Hepatitis (C) program" at Pelican Bay have been denied. (Pl.'s Rule

13  56(d) Mot. at 2.) Plaintiff does not elaborate on how gaining other prisoners' affidavits through

14  discovery would raise a triable issue of material fact that would preclude summary judgment.

15  Plaintiff also states that "Defendants have denied [him] a complete review and copies of his entire

16  medical records." <u>Id.</u> The Court finds that Plaintiff reasons in support of his Rule 56(d) motion

17  are vague, overbroad, and fail to state what specific records he is seeking. More importantly, he

18  fails to allege how "additional discovery would have revealed specific facts precluding summary

19  judgment." <u>See</u> <u>Tatum v. City and County of S.F.</u>, 441 F.3d 1090, 1101 (9th Cir. 2006). Thus,

20  Plaintiff has not met his burden under Rule 56(d).

21       Because Plaintiff has not shown that relevant facts remain to be discovered that would

22  create an issue of triable fact related to Defendants' deliberate indifference to Plaintiff's Hepatitis

23  C, the denial of a continuance is appropriate and is not a violation of his due process rights.

24  Therefore, the Court DENIES Plaintiff's Rule 56(d) motion (docket no. 90).

25       Nevertheless, the Court finds that an extension of time for Plaintiff to file his opposition to

26  Defendants' motion for summary judgment is appropriate. Therefore, the Court, on its own

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    motion, grants Plaintiff's an extension of time to file his opposition and directs the parties to abide

2    by the scheduling order outlined below.

3    **II.      Motions to Compel Discovery**

4            Also pending before the Court are Plaintiff's motions to compel discovery.  It is not an

5    effective or appropriate use of the Court's limited resources for it to oversee all aspects of

6    discovery.  Thus, before filing a motion to compel, the moving party must first attempt to resolve

7    the dispute informally with the opposing party.  It is only when the parties are unable to resolve

8    the dispute after making a good faith effort to do so should they seek the Court's intervention.

9    See Fed. R. Civ. P. 37(a)(2)(B); N.D. Cal. Local Rule 37-1.  Because Plaintiff is incarcerated, he

10   is not required to meet and confer with Defendants in person.  Rather, if Plaintiff's discovery

11   requests are denied and he intends to pursue a motion to compel, he need only send a letter to

12   Defendants to that effect, offering them one last opportunity to provide him the sought-after

13   information.  The letter should state the specific discovery he seeks, and state the reasons that

14   Plaintiff believes he is entitled to such discovery.

15           Here, there is nothing in the record to show that Plaintiff met and conferred with

16   Defendants, nor is there any proof that he sent a letter to Defendants, granting them an additional

17   opportunity to provide him the information he sought.  For this reason, Plaintiff's motions to

18   compel (docket nos. 62, 65) are DENIED as premature.

19   **III.     Plaintiff's Second Motion for Appointment of Counsel**

20           Plaintiff has filed a second motion for appointment of counsel (docket no. 95).  He claims

21   that he cannot litigate this action on his own behalf because he is an indigent person unable to pay

22   for the service of counsel, he is receiving medical care, his verbal IQ scores indicate borderline

23   mental retardation, and he lacks the knowledge to be able to litigate claims that involve such

24   complex medical questions.  (Pl.'s Second Mot. for Appointment of Counsel at 2-3.)  However, as

25   stated in the Court's previous order denying appointment of counsel there is no constitutional right

26   to counsel in a civil case.  Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981).  28 U.S.C.

27   § 1915 confers on a district court only the power to "request" that counsel represent a litigant who

28

1  is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power
2  to make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296,
3  310 (1989).

4          The court may ask counsel to represent an indigent litigant under § 1915 only in
5  "exceptional circumstances," the determination of which requires an evaluation of both (1) the
6  likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se
7  in light of the complexity of the legal issues involved. See Rand v. Rowland, 113 F.3d 1520,
8  1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v.
9  Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together
10 before reaching a decision on a request for counsel under § 1915. See id. Neither the need for
11 discovery, nor the fact that the pro se litigant would be better served with the assistance of
12 counsel, necessarily qualify the issues involved as complex. See Rand, 113 F.3d at 1525 (where
13 plaintiff's pursuit of discovery was comprehensive and focused and his papers were generally
14 articulate and organized, district court did not abuse discretion in denying request for counsel).

15         Here, the Court finds that Plaintiff has aptly presented his claims, and that the issues
16 presented in the Defendants' motion for summary judgment are straightforward. Accordingly, the
17 Court still finds that appointment of counsel is not necessary at this time, and Plaintiff's second
18 request for appointment of counsel (docket no. 95) is DENIED without prejudice.

19                                       **CONCLUSION**
20         For the reasons outlined above,
21         1.      Plaintiff's Rule 56(d) motion (docket no. 90) is DENIED.
22         2.      The Court, on its own motion, grants Plaintiff an extension of time to file his
23                 opposition to Defendants' motion for summary judgment. Plaintiff shall file his
24                 opposition no later than **July 25, 2012**. Defendants' reply to the opposition shall
25                 be filed no later than **August 24, 2012**. **No further extensions of time will be**
26                 **granted in this case absent exigent circumstances.**
27
28         G:\PRO-SE\SBA\CR.09\Madsen5457.deny56(d)&MTCs&ATTY.docx    6

United States District Court
Northern District of California

3.    Plaintiff's motions to compel discovery (docket nos. 62, 65) are DENIED as premature.  If Plaintiff attempts to meet and confer with Defendants regarding requests for the production of documents and is not satisfied with the result he may file a renewed discovery motion.

4.    Plaintiff's second request for appointment of counsel (docket no. 95) is DENIED.

5.    This Order terminates Docket nos. 62, 65, 90 and 95.

IT IS SO ORDERED.

DATED:  7/10/12

SAUNDRA BROWN ARMSTRONG
United States District Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


RICK MADSEN,

              Plaintiff,

   v.

SUE E. RISENHOOVER et al,

              Defendant.

_____/

Case Number: CV09-05457 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 12, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.



Rick Madsen E10400
Pelican Bay State Prison
P.O. Box 7500
5905 Lake Earl Drive
Crescent City, CA 95531

Dated: July 12, 2012

Richard W. Wieking, Clerk

By: Lisa Clark, Deputy Clerk

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28