IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICK MADSEN,

    Plaintiff,

  v.

SUE E. RISENHOOVER, et al.,

    Defendants.
_____/

No. C 09-05457 SBA (PR)

**ORDER PROVIDING *RAND* SUMMARY JUDGMENT NOTICE**

A recent decision from the Ninth Circuit Court of Appeals requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the district court orders service of process or, otherwise, before the motions are filed. Woods v. Carey, No. 09-15548, slip op. 7871, 7874 (9th Cir. July 6, 2012). Accordingly, this Court now provides the following notice to Plaintiff for his information in connection with Defendants' pending motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

As Plaintiff's opposition deadline for the pending motion for summary judgment is July 25, 2012, he has ample time to prepare his opposition taking into account this Rand summary

judgment notice (which repeats the <u>Rand</u> summary judgment notice provided in the Court's March 31, 2011 Order at pages 10-11). No adjustment of the briefing schedule is necessary.

IT IS SO ORDERED.

DATED: 7/10/12

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RICK MADSEN,

        Plaintiff,

v.

SUE E. RISENHOOVER et al,

        Defendant.

Case Number: CV09-05457 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 12, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rick Madsen E10400
Pelican Bay State Prison
P.O. Box 7500
5905 Lake Earl Drive
Crescent City, CA 95531

Dated: July 12, 2012

        Richard W. Wieking, Clerk
        By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\CR.09\Madsen5457.RandNotice.wpd     3