IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK MADSEN, <br><br> Plaintiff, <br> v. <br><br> SUE E. RISENHOOVER, et al., <br><br> Defendants. | No. C 09-5457 SBA (pr) <br><br> **ORDER DENYING DEFENDANTS' MOTION TO CHANGE TIME TO FILE PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' REPLY** |

Before the Court is Defendants' request to extend the deadline for Plaintiff to oppose Defendants' motion for summary judgment by twenty-seven days, to September 20, 2012, and also extend the deadline for Defendants to reply in support of the motion for summary judgment until October 12, 2012. Defendants' attorney, Deputy Attorney General Jillian R. Weader, has submitted a declaration stating that she is requesting this extension because she will be "on leave from the office and unavailable from August 31, 2012, until September 20, 2012." (Weader Decl. ¶ 7.) Attorney Weader gives no further reason for her request for this extension.

Both parties in the present case have been granted multiple extensions of time to file briefs in this action. Defendants' motion for summary judgment was filed on February 10, 2012. Prior to filing that motion, Defendants received two extensions of time to file their dispositive motion. (Docket nos. 60, 70.) Plaintiff's opposition is due on August 24, 2012. Plaintiff has previously been granted two extensions of time to file his opposition. (Docket nos. 98, 108.) The Court also provided Plaintiff with a Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc), notice (which repeats the Rand summary judgment notice provided in the Court's March 31, 2011 Order of Service at pages 10-11) as required by the Ninth Circuit Court of Appeals in Woods v. Carey, No. 09-15548, slip op. 7871, 7874 (9th Cir. July 6, 2012). (Docket no. 104.) Defendants' reply to the opposition is due on September 7, 2012. In its July 20, 2012 Order Granting in Part and Denying in Part Plaintiff's Request for a Second Extension of Time to File a Response to Defendants' Motion for Summary Judgment, the Court also specified: "**No further extensions of time will be granted in this case absent exigent circumstances**." (July 20, 2012 Order at 2 (emphasis in original).)

Pursuant to Federal Rule of Civil Procedure 16(b)(3)(A), district courts must enter a scheduling order to establish deadlines to, among other things, "file motions." Fed. R. Civ. P. 16(b)(3)(A). Once a Rule 16 scheduling order is entered, the schedule "may be modified only for good cause and with the judge's consent." Id. 16(b)(4). "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (citation omitted).

Rule 16 provides that deadlines established in a case management order may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Johnson, 975 F.2d at 609 (citation omitted). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Id.; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). Where the moving party has not been diligent, the inquiry ends and the motion should be denied. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002); Johnson, 975 F.2d at 609.

Here, Defendants have failed to establish good cause for their request to modify the current briefing schedule. As mentioned above, the parties have been granted multiple extensions of time to file briefs in this matter. Furthermore, Defendants' motion for summary judgment has been pending for almost six months. Finally, Attorney Weader fails to identify any existing exigent circumstances warranting an extension of time. In fact, she gives no reason other than the fact that she will be "on leave" prior to the deadline for the reply; therefore, without more, the Court finds a lack of diligence by the moving party. Accordingly, Defendants' motion is DENIED. The parties shall abide by the briefing schedule outlined in the Court's July 20, 2012 Order. **No further extensions of time will be granted in this case absent exigent circumstances.**

This Order terminates Docket no. 109.

IT IS SO ORDERED.

DATED: _8/1/12

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK MADSEN, | Case Number: CV09-05457 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| SUE E. RISENHOOVER et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 3, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rick Madsen E10400
Pelican Bay State Prison
P.O. Box 7500
5905 Lake Earl Drive
Crescent City, CA 95531

Dated: August 3, 2012

Richard W. Wieking, Clerk
By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\CR.09\Madsen5457.denyEOT-DEFreply.frm     3